**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charlton Davis, 231377, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2018-000183

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2020-UP-077
Submitted February 1, 2020 – Filed March 18, 2020

———————

**AFFIRMED**

———————

Charlton Davis, pro se.

Tommy Evans, Jr., South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Charlton Davis appeals an order issued by the Administrative Law Court (ALC) dismissing his appeal of a decision by the South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) to deny him parole. Davis challenges the ALC's sua sponte finding that the filing of his notice

of appeal was untimely.  In addition to challenging this finding, Davis also argues (1) SCDPPPS's decision to deny him parole was arbitrary and capricious because of alleged misconduct by a member of the South Carolina Board of Paroles and Pardons during his parole hearing, (2) he should have been provided with a video recording of the hearing, and (3) he is entitled to reimbursement of the filing fee he paid to this court after his appeal has been adjudicated on the merits.

Pursuant to Rule 220(b), SCACR, and the authorities cited below, we affirm the ALC's dismissal of Davis's appeal based on its finding that he failed to timely file his notice of appeal: S.C. Code Ann. § 1-23-610(B) (Supp. 2019) ("The review of the [ALC's] order must be confined to the record."); *id.* (stating the circumstances under which this court may reverse or modify a decision of the ALC); SCALC Rule 59 ("The notice of appeal from the final decision to be heard by the [ALC] shall be filed with the [ALC] and a copy served on each party, including the agency, within thirty . . . days of receipt of the decision from which the appeal is taken."); SCALC Rule 53(A) ("A document, pleading or motion or other paper is deemed filed with the [ALC] by: (1) delivering the document to the [ALC]; or (2) depositing the document in the U.S. mail or in the mail room at the appellant's correctional institution, properly addressed to the [ALC], with sufficient first class postage attached."); *id.* ("The date of the filing is the date of delivery or the date of mailing as shown by the postmark or by the date stamp affixed by the mail room at the appellant's correctional institution."); SCALC Rule 62 (granting the ALC the authority on its own motion to "dismiss an appeal or resolve the appeal adversely to the offending party for failure to comply with any of the rules of procedure for appeals, including the failure to comply with" any applicable time limits); *id.* (recognizing the ALC has discretion to determine that a document is timely filed).[1]

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] Because our decision to uphold the dismissal of Davis's appeal to the ALC for failure to timely file his appeal with the ALC is dispositive of this appeal, we decline to address Davis's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that when a decision on a prior issue is dispositive of an appeal, the appellate court need not address the remaining issues raised by the appellant).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.